**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **JUSTIN SAVOY** | **CIVIL ACTION NO. 08-1430** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **CHIEF JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION**

Justin Savoy, appearing herein through counsel, Pride J. Doran, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on September 26, 2008. Savoy is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his 2004 conviction for second degree murder entered in the Fifteenth Judicial District Court for Lafayette Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it is barred by the one-year period of limitations codified at 28 U.S.C. § 2244(d).

**STATEMENT OF THE CASE**

On January 21, 2004, Savoy was indicted by the Lafayette Parish Grand Jury and charged with the second degree murder of Jermaine "Tito" Duhon. On August 27, 2004, petitioner was found guilty as charged following a trial by jury. On that same day, petitioner waived the delay for sentencing and petitioner was sentenced to life imprisonment.

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeal. Court-appointed appellate counsel, James Beal of the Louisiana Appellate Project, argued a single assignment of error – that there was insufficient evidence to support petitioner's conviction. Thereafter, attorney Jason Wayne Robideaux filed a supplemental brief arguing an additional assignment of error – that the trial court erred when it allowed the jury, during deliberations, to listen to the audiotape of petitioner's confession and to view written evidence without a waiver of petitioner's rights in violation of Louisiana Code of Criminal Procedure article 793. On November 2, 2005, the Louisiana Third Circuit Court of Appeals affirmed Savoy's conviction and sentence.[1] Savoy did not seek further direct

---

[1] With regard to the sufficiency of the evidence claim, the Third Circuit examined the record and concluded:
> "The testimony of the witnesses who saw the altercation which resulted in the death of Duhon is inconsistent. Davis, Christian, Alton Phillips and Whitney Phillips testified that they did not see Duhon with a gun, or any other type of weapon, while the defendant and Leonard Simpson both testified that Duhon was armed and posed a threat to the defendant. It is well settled that the factfinder is free to accept or reject some, none, or all of any witness's testimony. . . . we are unable to conclude the jury was unreasonable in accepting as credible the testimony of the witnesses who stated that Duhon did not pose a threat to the defendant, and in rejecting the conflicting testimony of the other witness and the defendant himself. We find, therefore, that the jury was not unreasonable in ultimately finding the defendant guilty as charged.

*State v. Savoy*, 2005-92 (La.App. 3 Cir. 11/2/05), *8; 916 So.2d 339, 344.

2

review in the Louisiana Supreme Court.[2]

On June 16, 2006, Savoy, represented by his present attorney, filed an application for post-conviction relief alleging ineffective assistance of trial counsel. [rec. doc. 1-6 and 1-7, Exhibit B]. The trial court denied relief and provided reasons for judgment by Ruling dated June 23, 2006.[3] On July 17, 2006, counsel filed a Notice of Intent to seek supervisory writs in the Louisiana Third Circuit Court of Appeal; a return date was set. [rec. docs. 1-8, pp. 5-6, 1-9, pp. 1-2, Exhibit D]. Counsel filed his writ application in the Third Circuit on August 25, 2006. On December 20, 2006, the Third Circuit denied writs finding, "no error in the trial court's ruling." [rec. doc. 1-9, p. 3, Exhibit E, *State v. Savoy*, No. KW 06-01092 (unpublished)].

---

The court likewise rejected the supplemental assignment of error, as follows:
> "It is clear that, when presented with the jury's request for the audiotape and other items of evidence, the defendant readily agreed that the evidence should be provided, only questioning the procedural method by which the jury should listen to the audiotape. Defense counsel expressly stated, when the discussion turned to which particular items they were requesting, that the court should '[g]ive them everything.' We find this to be a clear and express waiver of the provisions of Article 793. We find, therefore, that having waived the provisions of Article 793, the defendant is precluded from raising this issue on appeal."

*State v. Savoy*, 2005-92 (La.App. 3 Cir. 11/2/05), *13; 916 So.2d 339, 347.

[2] Savoy implies that he sought further direct review by a higher state court. [*See* rec. doc. 1, ¶ 9(g)]. However, the published jurisprudence of the State of Louisiana reveals no decision of the Louisiana Supreme Court on direct review. The sole published Louisiana Supreme Court decision is that rendered in post-conviction proceedings. *See State of Louisiana v. Justin Savoy*, 2007-0118 (La. 9/28/2007), 964 So.2d 350.

[3] Citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court determined that "the defendant must show that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different." However, Savoy "failed to allege facts that would indicate prejudice to support his claim of ineffective counsel." Moreover the court found that "the defendant's counsel made the tactical decision to waive the right to object to the submission of the evidence, which was consistent with his comment made in closing argument concerning the State's failure to play the tape for the jury." [rec. doc. 1-8, , pp. 3-4, Exhibit C].

3

On or about January 19, 2007, counsel filed an application for writs in the Louisiana Supreme Court.[4] [rec. docs. 1-3, 1-4, 1-5, and 1-6, Exhibit I]. On September 28, 2007, the Louisiana Supreme Court denied writs without comment. *State of Louisiana v. Justin Savoy*, 2007-0118 (La. 9/28/2007), 964 So.2d 350.

The instant petition was filed on September 26, 2008. Petitioner raises the same claim raised in post-conviction proceedings, that he received ineffective assistance of counsel.

## **LAW AND ANALYSIS**

Title 28 U.S.C. § 2244(d) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of federal *habeas corpus* petitions by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[5]

The tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).

---

[4] The writ application bears a certificate of verification of service dated January 17, 2006. Accordingly, this is the earliest date the application may have been filed. [*See* rec. doc. 1-6, p.1].

[5] Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these subsections are inapplicable.

4

However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). The limitations period is statutorily tolled only for as long as the state application remains pending in the state's courts. *See Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Savoy's conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeals on November 2, 2005. *State of Louisiana v. Justin Savoy*, 2005-92 (La. App. 3 Cir. 11/2/2005), 916 So.2d 339. Savoy did not seek further direct review in the Louisiana Supreme Court. Thus, his conviction became final after the delay for seeking direct review in the Louisiana Supreme Court expired, that is, at the latest, on December 5, 2005, thirty days after the Third Circuit rendered its decision on direct appeal. *See* Louisiana Supreme Court Rule X, §5(a)[6]; *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003). Savoy therefore had one year (365 days), or until December 5, 2006, to file for relief in this court.

---

[6] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ." Uniform Rules, Courts of Appeal Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." Since the Third Circuit's opinion was rendered on November 2, 2005, it is presumed that the Third Circuit followed its own rule and mailed the opinion to appellate counsel on that day. The 30-day period of limitations prescribed by Rule X expired on Friday, December 2, 2005. Because the following days were legal holidays, the undersigned concludes that the last day for filing would have been extended to Monday, December 5, 2005. Therefore, that date has been determined to be the date of finality of petitioner's judgment of conviction for the purposes of this Report.

Pursuant to § 2244(d)(2), petitioner was able to statutorily toll the running of the limitation period during the pendency of his application for post-conviction relief in the Louisiana state courts. Petitioner filed his Application for Post-Conviction Relief in the 15th Judicial District Court on June 16, 2006, and this application remained properly filed and pending, and thus tolled the limitations period, until September 28, 2007, when the Louisiana Supreme Court denied discretionary review. *See Lawrence v. Florida,*-- U.S. --, 127 S.Ct. 1079, 1083-1084 (2007) (holding that statutory tolling ends when the state courts have finally resolved an application for post-conviction relief, that is, when the highest state court has issued its ruling). However, prior to filing his Post-Conviction Application, a period of 193 days (or 6 months and 11 days) of the one-year limitation period had elapsed, leaving 172 days remaining.

The limitations period resumed on September 29, 2007, after the Louisiana Supreme Court denied writs. *See Lawrence v. Florida*, *supra*. However, petitioner did not file the instant federal petition for *habeas corpus* relief until September 26, 2008, after an additional 361 days of the one-year limitation period had elapsed. This 361 day period which lapsed between the Louisiana Supreme Court's denial on September 28, 2007 and the filing of the instant petition on September 26, 2008 is also counted in calculating the one-year limitation period, as during that time period petitioner had no properly filed or pending post-conviction application filed in the state courts. *See Villegas, Melançon,* and *Ott, supra*; *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d

508, 510-511 (5th Cir. 2000).

In light of the above, giving petitioner the benefit of every doubt, the petition currently before this court is statutorily barred by the one-year limitation period because, even with the benefit of the statutory tolling while no state application for post-conviction relief was pending, well over 365 days passed between the date Savoy's judgment of conviction became final and the date Savoy filed the instant petition. Dismissal on this basis is therefore appropriate.

Petitioner is also unable to rely upon the doctrine of equitable tolling. The Supreme Court has not decided whether the AEDPA limitations period may be equitably tolled. However, the Supreme Court, when assuming, without deciding, that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005).

In accord with the *Lawrence* standard, the Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). Equitable tolling applies "where the district court has done something to mislead the petitioner into believing that his petition is due after the limitations period has expired." *Johnson*, 483 F.3d at 286 (citations omitted). However, "[a] petitioner's failure to satisfy the statute of limitations

7

must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing in this court; petitioner was not mislead or prevented by the court or the State of Louisiana from asserting his rights in a timely filed federal *habeas corpus* petition. Further, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Johnson,* 483 F.3d at 286 *citing Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 *citing Fisher*, 174 F.3d at 714. Moreover, although petitioner was represented by counsel throughout his appeal and in post-conviction proceedings, attorney error or neglect is not such an extraordinary circumstance so as to justify the application of equitable tolling; this is so even in cases where a petitioner is harmed by the actions or inactions of his counsel. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002); *Fierro,* 294 F.3d at 684; *Johnson,* 483 F.3d at 287; *Lawrence*, 107 S.Ct. 1085 (rejecting petitioner's argument "that his counsel's mistake in miscalculating the limitations period entitle[d] him to equitable tolling" because "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline." The Court stated that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.")

Finally, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief. Here, petitioner waited almost six months after completing direct review to file for state post-conviction relief and also waited one year after the Louisiana Supreme Court denied review in post-conviction proceedings before filing in this court. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 402 *citing Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten**

**(10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana December 10, 2008.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE